### JURISDICTION TO APPOINT A RECEIVER.

[Superior Court of Cincinnati—General Term.]

THE UNION SAVINGS BANK & TRUST COMPANY v. THE PIKE BUILDING COMPANY ET AL.

Decided, November 5, 1903.

*Receiver—Jurisdiction to Appoint—Subsequent to the Execution of an Unfiled Deed of Assignment—Cause Pending Within the Meaning of Section 6351, When—Discretion as to Appointment of a Receiver—Appointment of Two Receivers Not Good Practice, But May Be Justifiable.*

1. It is a long-established rule of this court that the filing of a petition and the issuing of summons is the commencement of an action, and from that time the court has jurisdiction of the cause, and the cause is "pending" within the meaning of Section 6351.

2. The filing of a deed of assignment after the filing of a petition for the appointment of a receiver and the issuing of summons in this court does not, therefore, oust this court of jurisdiction, notwithstanding the deed of assignment may have been executed prior to the filing of the petition.

3. The discretion as to whether a receiver should be appointed under such circumstances was not abused in this case, where the necessity for the borrowing of money existed, and the power of an assignee in that regard is uncertain; and the appointment of two receivers instead of one, while not good practice, may have been justifiable, and will not be disturbed.

SMITH, J.; FERRIS, J., and PFLEGER, J., concur.

This action is brought to foreclose a mortgage given by The Pike Building Company to The Union Savings Bank & Trust Company, as trustee, on certain leaseholds in this city, to secure an issue of bonds issued by The Pike Building Company. It is alleged that the building company has defaulted in the payment

of the interest and principal of the bonds; that it is necessary to sell the mortgaged property in order to pay the same; and that a receiver should be appointed to preserve the security during the pendency of the foreclosure proceedings.

The petition in the case was filed at 1:25 P. M., on the 8th of June, 1903, and within five minutes thereafter the clerk had issued the summons and delivered it to the sheriff. The summons was served upon the defendant on June 9th.

At 1:37 P. M., on June 8th, The Pike Building Company made an assignment to The Provident Savings Bank & Trust Company in the Insolvency Court of Hamilton County. The deed of assignment was executed and delivered to the assignee at 1:15 P. M.

Subsequently The Provident Savings Bank & Trust Company was made a party to this action, and at a later date the court appointed The Central Trust & Safe Deposit Company and M. F. Wilson as receivers of the property.

This proceeding in error is prosecuted to reverse the order of the court in appointing such receivers.

The proceeding in error raises two questions: First. Did the court have *power* to appoint the receivers; and second, if it did, was there an abuse of discretion in the exercise of the power?

The first question depends upon the construction of Section 6351. So far as the section bears upon the question it reads as follows:

"The probate court shall order the payment of all incumbrances and liens upon any of the property sold, or rights and credits collected out of the proceeds thereof, according to priority. * * * And provided further that nothing in this section or in this chapter shall be so construed as in any way to take away or limit the jurisdiction of any court of record, in which any action to foreclose a mortgage, to quiet title to possession of all or any part of the real estate assigned is pending at date of the assignment; but in said action the assignee may be made a party with right to defend and to have such decrees, orders or judgments made as may be necessary for the proper administration of his trust in any surplus remaining after the payment of liens thereon which have been asserted in said pending action."

It will be observed that this section declares that if an action to foreclose a mortgage "is pending" in any court of record at the date of the assignment, the jurisdiction of such court of record

456    SUPERIOR COURT OF CINCINNATI.

Union S. B. & T. Co. v. Pike Building Co. et al. [Vol. I, N. S.

shall not "in any way" be taken away or limited by such assignment.

We have only to inquire then whether this action to foreclose was, within the meaning of Section 6351, "pending" at the time of the assignment.

If there is any proposition of the law to which this court is irrevocably committed until the Supreme Court shall declare otherwise, it is that the filing of the petition and the issuing of a summons is the commencement of an action; and that from that time the court has jurisdiction of the cause.

In 1858, four years after the organization of the court, the famous case of *Spining & Brown* v. *Ohio Life Insurance & Trust Company,* 3 W. L. Gaz., 33, was decided, in which a conflict arose between this court and the federal court as to the right of the respective courts to appoint a receiver. In that case it was distinctly held by the general term of this court that with the filing of the petition and the issuing of the summons the action was commenced and the jurisdiction of the court had attached. In the decision thus announced the court directed attention to Section 5035, Revised Statutes, which was in force then as Section 55 of the Code of Practice, and which reads:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to issue therefor."

We have no disposition to question the correctness of this conclusion. For jurisdiction has attached as soon as a court has power to make an order in a case, and when a case has reached such a point that a court has power to make orders in the case *it is pending.* If it is not then pending, we do not know how to describe its condition.

That a court has power to make certain orders as soon as a petition is filed and a summons issued is seen in the daily practice of issuing temporary restraining orders and even appointing receivers before service of the summons upon the opposite party. How could these orders be justified if a court had not jurisdiction because the action was not even pending?

The policy of the statute is manifest. Before the amendment of Section 6531 (which provides that when a suit is pending in

a court of record at the time of the assignment, such assignment shall not be considered in any way as taking away or limiting the jurisdiction of such court of record), it had been held by our Supreme Court that when a debtor had made an assignment in the probate court, the jurisdiction of that court over his property was exclusive (*McNeill* v. *Hagerty,* 51 O. S., 263; *Sayler* v. *Simpson,* 45 O. S., 144; *Clapp* v. *Banking Co.,* 50 O. S., 528). Yet in many cases it was found that actions to foreclose mortgages were pending in various stages in courts of record at the time of the assignment and the conflict of jurisdiction between such courts and the probate court gave rise to much litigation. This statute was intended to settle such questions, and it does settle them by declaring a rule clearly, distinctly and wisely. The rule is that if a suit is "pending" at the time of the assignment, the court in which it is pending is not ousted of its jurisdiction by the assignment.

The plaintiff in error contends, however, that the definition of a pending action is found in Section 5055, R. S., which declares that—

"When the summons has been served or publication made, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title."

It will be observed that this definition of a pending action is not a general definition to be used in all cases in deciding whether an action is pending; it is expressly declared to be a definition of a pending action "so as to charge third persons with notice of its pendency." But the question in this case is not whether the assignee had notice of the pendency of this action. It is immaterial so far as the purposes of this case are concerned whether he had notice or not. The sole question is whether the action was pending in the superior court when the assignment took effect, which was not until it was filed in the insolvency court (Section 3651). We have seen that at the time the assignment was so filed the action was pending in this court, and this court, therefore, continued to have the power to make such orders as it saw proper, among which was an order to appoint a receiver of the property.

It is further contended by the plaintiff in error—if I correctly understood the contention—that inasmuch as the deed of assign-

ment was executed at 1:15 the title to the property passed to the assignee at that time; that the action in this court was not commenced until 1:25, and that as in such action the assignee was not a party, it was not begun against the real party in interest as the code provides, and therefore there was no action commenced which could be maintained, and therefore no action commenced.

There are at least two, if not more, answers to this contention. First, The assignment did not take effect when the deed of assignment was executed and delivered to the assignee at 1:15. By the express provision of the statute, Section 6354, it is declared that "Any such assignment shall take effect only from the time of its delivery to the probate judge." And in *Eggleston* v. *Harrison, Assignee,* the force of this provision is recognized and the reason for its adoption explained. As the delivery to the probate judge then was not until after the action had been commenced in this court, the assignee at that time was not the real party in interest. Second, It is no defense to an action of foreclosure such as requires its dismissal that the mortgagor unknown to the mortgagee by a deed not on record has assigned his interest to a third person.

The plaintiff has cited many authorities bearing upon the question of the respective rights of two courts of concurrent jurisdiction in which actions are pending, to seize the property which is the subject of the action by the appointment of a receiver; and also authorities bearing upon the same question when the courts are not of concurrent jurisdiction. But we regard the discussion of these propositions as entirely aside from the question in this case, which is: In what sense did the Legislature use the phrase "pending action" in Section 6351?

The case of *Collier* v. *Bickley,* 33 O. S., 523, is a case directly in point upon the question whether the action here was commenced and therefore pending at the time the assignment was made. The respect which must necessarily attach to any decision of our court of highest resort is emphasized as to the decision in *Collier* v. *Bickley* for the reason that both the counsel who appear for the plaintiff in error in this case appeared in that case as opposed to each other, and the decision, therefore, was reached after the court must have been fully advised as to the merits of the question.

The action in that case was one in replevin. The necessary affidavit to entitle the plaintiffs to an order of delivery was duly made

and filed with the clerk, together with a petition in the usual form, on the 18th day of November, 1872; and at one o'clock P. M. of that day a summons and order of delivery was duly issued by the clerk, directed to the sheriff of Hamilton County. At four o'clock P. M. of the same day the defendant made an assignment of all his property for the benefit of his creditors before the service of summons or order of delivery, and the next day, the 19th of November, the property was taken from the assignee by the sheriff under the writ of replevin.

The court stated the question in the case to be: Can a defendant in replevin, after the issuance of the writ, and of the order of delivery, defeat the plaintiff's right of recovery by a transfer of the possession of the property in controversy to another before the execution of the order of delivery? The court answered the question in the negative. The court said:

"The rights of parties to an action ordinarily depend on the law applicable to the state of facts existing at the commencement of the action."

It then held that the action was commenced when the petition was filed and the summons issued, and concluded as follows:

"This construction gives a uniform rule in all such actions (in replevin) corresponding with the general rule in all other civil actions, that the rights of the plaintiff as against the defendant, are to be determined as they are at the time he commences his action, and are not contingent upon an uncertain event, such as the time the writ may be served."

As a second ground for reversal, as has been previously stated, it is urged that, inasmuch as at the time of the appointment of receivers an assignee was invested with the property who could protect the interests of all parties as completely as a receiver could do, it was an abuse of discretion to appoint a receiver.

The property mortgaged consists of several leaseholds, and the amount to be paid in order to prevent a forfeiture of the leasehold (including taxes) is in the neighborhood of one hundred dollars a day. The buildings upon the property have been completely destroyed by fire and there is no revenue from the property. Unless therefore the bondholders are able and willing to advance money to keep alive the leases, or an order of court is made authorizing the receiver to borrow money for the same purpose, the leases according

to their terms will become forfeited and revert to the lessees before any sale in foreclosure can be had. We know of no power in an assignee in insolvency to borrow money, and if such power may be invested in an assignee who is authorized to continue a business, a question upon which we express no opinion, yet as such authorization can not be had except upon a vote of three-fourths of the creditors (6350h, R. S.) there is no assurance that it can be secured.

It will, therefore, be readily seen that in this particular, viz., the borrowing of money to keep alive the leases, a receiver in this court would have much greater power than an assignee in the probate court, and as the exercise of such power might become vital to the preservation of the leases, there would seem to be a strong reason for the appointment of a receiver.

But by the express language of Section 6351 the assignee, if brought into the action, as is the case here, becomes merely a party to the action, and as the jurisdiction of this court is not in any way taken from or limited by the assignment, it may proceed to appoint a receiver, for the same reasons that it would appoint a receiver if no assignment had been made and as by Section 5587, Revised Statutes, a receiver may be appointed.

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost * * * or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt," the court was fully warranted under all the circumstances in appointing a receiver.

We do not as a general rule approve of the practice of appointing two receivers, yet there are cases in which it may be wise to do so. We are not able to say that the court below abused its discretion in so acting. As the labor of the trust will be divided between two, we think it probable that in fixing the fee there will be a corresponding division made by the court, so that the expense will be no greater than if a single receiver had been appointed.

We are of opinion that the judgment below should be affirmed.

*C. B. Matthews, Edward Colston, John C. Rogers,* for plaintiff in error.

*John C. Healy, Drausin Wulsin, Thomas H. Kelly, J. H. Bromwell,* for defendants in error.